## EX PARTE CULLEN JOHNSON.

1. Where a prisoner, indicted for murder, after the case has been continued by the State, and at the same term, applies for and obtains a change of venue, the continuance is necessarily set aside, and will not authorise him, upon the case being continued by the State in the court to which it is transfered, to claim, as a matter of right, that he be admitted to bail, on the ground that the State has twice continued the cause.

MOTION for a mandamus against the Judge of the Ninth Judicial Circuit.

RICE, for the motion.

DARGAN, C. J.—Cullen Johnson was indicted in the Circuit Court of Chambers, at the Spring Term 1849, for murder, at which Term the cause was continued by the prisoner. At the Fall Term 1849, he was tried and convicted, and the cause was brought to this court, at the January Term 1850, and was reversed and remanded; but the certificate of reversal did not reach the Circuit Court until it was in session, at the Spring Term 1850, and too late for the State to prepare for trial. For this reason, on the motion of the solicitor, an order was made that the cause be continued until the next term. After this order had passed, however, and during the session of the court, the prisoner applied for a change of venue to the county of Russell, which was granted, but the judge set aside the order of continuance. The Circuit Court of Russell, coming on next after the court in Chambers, the cause was again called for trial, but was continued by the State. The prisoner then moved the court that he be admitted to bail, claiming it as matter of right under the statute, inasmuch as the cause had been twice continued by the State. The motion for bail was refused by the judge, and for this refusal, a motion for a mandamus is made in this court against the judge, to compel him to allow the prisoner to be bailed.

When one is indicted for a capital crime, he can claim to be released on bail, as matter of right, only when there have been two continuances by the State. In the case before us, there has been but one. It is true, that an order was made at Chambers

Circuit Court that the cause be continued until the next term, but this order was necessarily set aside, by granting the motion of the prisoner to change the venue to Russell; for the cause was then removed from Chambers, and of course could not stand continued in that court.

The motion for a mandamus is refused.